## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement (hereinafter "Agreement") is hereby entered into between ANDREEAS FARKAS, and all of his agents, successors, heirs, and assigns (collectively referred to as "FARKAS"), and CG RYC, LLC, CG MIAMI RIVER LLC and FOOD AND LEVERAGE, LLC and all of their parents, predecessors, successors, subsidiaries, affiliates, related entities, divisions, and assigns, and all of its past and present owners, officers, directors, shareholders, members, managers, employees, consultants, agents, insurers, attorneys, and assigns, and STEPHANE DUPOUX and MEYER CHETRIT and all of their agents, successors, heirs, and assigns (collectively referred to as "DEFENDANTS"). (FARKAS and DEFENDANTS shall hereinafter be collectively referred to as the "Parties.")

### Recitals

**WHEREAS,** on or about January 11, 2018, Plaintiff filed his Complaint against the DEFENDANTS seeking damages for unpaid minimum and overtime wages pursuant to the Fair Labor Standard Act; the Florida Minimum Wage Act (Article X, § 24 of the Florida Constitution and § 448.110, Florida Statutes); and for breach of contract, accounting and unjust enrichment.

**WHEREAS,** the lawsuit filed by FARKAS is styled: ANDREEAS FARKAS v. CG RYC, LLC, CG MIAMI RIVER LLC, FOOD AND LEVERAGE, LLC, STEPHANE DUPOUX and MEYER CHETRIT, Case No. 18-cv-20119-KING, venued in the Southern District of Florida (the "Litigation");

**WHEREAS,** DEFENDANTS deny all allegations, disputes, and all claims raised by FARKAS in the Litigation and enter into this Agreement to "buy peace" and avoid further costs and expenses in connection with the Litigation;

**WHEREAS,** the Parties desire to compromise, finally settle, and fully release any and all claims that FARKAS has against DEFENDANTS raised in the Litigation; and

**NOW, THEREFORE,** in consideration of the mutual promises and covenants between the parties, the sufficiency of which is hereby acknowledged, the Parties hereby agree to the following Terms and Conditions:

### Terms and Conditions

1. All the foregoing Recitals are true and correct and are incorporated as part of these Terms and Conditions.

2. In consideration for FARKAS's execution of this Agreement, the DEFENDANTS agree that they will pay FARKAS the total gross amount of **$2,250.00** (the "Settlement Sum") by check or wire transfer from or on behalf of the DEFENDANTS made payable as follows within fifteen (15) days of approval of this Agreement by the Court:

    A. A check made payable to Andreeas Farkas for the gross amount of **One Thousand One Hundred Twenty-Five Dollars ($1,125.00)**, less applicable federal income tax withholding and other deductions required

1

by law. This amount will be reported on a Form W-2 issued to FARKAS for the 2018 tax year after the conclusion of 2018;

B. A check made payable to Andreeas Farkas for the gross amount of **One Thousand One Hundred Twenty-Five Dollars ($1,125.00).** This amount will be reported on a Form 1099 issued to FARKAS for the 2018 tax year after the conclusion of 2018;

C. A check made payable to Law Offices of Paul A. Sack, P.A., FARKAS' attorneys, in the amount of **Four Thousand Seven Hundred Fifty Dollars ($4,750.00).** This amount will be reported on a Form 1099 to be issued to Law Offices of Paul A. Sack, P.A. for the 2018 tax year after the conclusion of 2018.

3. FARKAS hereby agrees, represents and warrants that he shall have sole responsibility for the satisfaction of any and all taxes, liens or assignments in law or equity, or otherwise, that may exist with respect to any recovery by him under this Agreement, and that he will fully satisfy all taxes, liens, and assignments which may arise as a result of his receipt of the settlement payments. FARKAS represents that he is not subject to any garnishment or wage deduction order, including but not limited to, any order for the payment of child support.

4. In consideration for the payments described above and the dismissal of FARKAS' lawsuit against DEFENDANTS, the sufficiency of which is hereby acknowledged:

A. FARKAS generally releases, satisfies and forever discharges the DEFENDANTS and any and all related entities, parent entities, subsidiaries, subdivisions, joint ventures, partnerships, and affiliated companies, as well as their current and former directors, officers, shareholders, partners, managers, supervisors, employees, contractors, heirs, predecessors in interest, beneficiaries, representatives, successors in interest, assigns, representatives, attorneys, insurers and agents, both in their representative and individual capacities of and from any and all actions, claims, debts and litigation, both known and unknown, arising under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, and the Florida Minimum Wage Act, Fla. Stat. § 448.110, *et seq.*, and any other applicable laws, which FARKAS ever had, now has or may have against the DEFENDANTS from the beginning of time though the date of this Agreement.

B. FARKAS and the DEFENDANTS and each of their respective related entities, parent entities, subsidiaries, subdivisions, joint ventures, partnerships, and affiliated companies, as well as their current and former directors, officers, shareholders, partners, managers, supervisors, employees, contractors, heirs, predecessors in interest, beneficiaries, representatives, successors in interest, assigns, representatives, attorneys, insurers and agents, both in their representative and individual capacities, generally release, satisfy and forever discharge one another from any and

all claims, litigation or liabilities whatsoever, whether known or unknown, which FARKAS and DEFENDANTS ever had or may now have against each other from the beginning of time through the date of this Agreement, except for the obligations that the Parties undertake in this Agreement. This release includes, without limitation, any claims, litigation or liabilities relating to or arising out of FARKAS' employment and/or services performed by FARKAS for DEFENDANTS and separation from DEFENDANTS pursuant to any federal, state, or local employment laws, regulations, ordinances, or executive orders.

i. This release is intended by the Parties to be a complete release of any and all claims and liabilities each of the parties have, may have, or may have in the future, whether known or unknown, from the beginning of time though the date of this Agreement and includes, but is not limited to, any and all actions, claims, litigation and/or liability under:

| |
|---|
| the Age Discrimination Employment Act (the "ADEA") as amended, 29 U.S.C. Section 623, et seq.; |
| the Florida Civil Rights Act, Fla. Stat. § 760.10, *et seq.*; |
| Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq. as amended; |
| the federal Americans with Disabilities Act 42 U.S.C. Section 12101, et seq. (the "ADA"), as amended; |
| the Equal Pay Act of 1963, 29 U.S.C. Section 206(d); |
| the Family and Medical Leave Act, as amended, 29 U.S.C. Section 2601, et seq. (the "FMLA"); |
| Worker Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. § 2101, et seq.; |
| Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A, et seq. |
| 42 U.S.C. Sections 1981 through 1988; |
| National Labor Relations Act, 29 U.S.C. Section 151, et seq., |
| Immigration Reform and Control Act of 1986, 8 U.S.C. § 1101, et. seq.; |
| the Uniform Services Employment and Reemployment Rights Act of 1994; |
| the Employee Retirement Income Security Act of 1974 ("ERISA") as amended, 29 U.S.C. Section 1001, et seq. (excluding any vested benefits under any Employee Retirement Plan); |
| Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq.; |
| Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701, et. seq.; |
| Genetic Information Non-Discrimination Act of 2008, 42 U.S.C. § 2000ff, et seq.; |
| Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 300gg, 29 U.S.C. § 1181, et. seq., and 42 U.S.C. § 1320d-6, et. seq.; |

| |
|---|
| the Florida and Federal Constitutions; |
| the Florida Human Rights Act of 1977 and the Florida Civil Rights Act of 1992 as amended, Chapter 760 Florida Statutes; |
| the Florida Whistleblower's Act, Fla. Stat. Section 448.101, et seq.; |
| Florida Workers' Compensation Retaliation Statute, Fla. Stat. Section 440.205; |
| Florida's wage payment and wage discrimination laws; |
| Florida Minimum Wage Act, Fla. Stat. Section 448.110; |
| the Florida AIDS Act, Fla. Stat. Sections 10.1125, 381.00 and 760.50; |
| Florida Discrimination on Basis of Sickle Cell Trait Law, Fla. Stat. Section 448.075; |
| the Davis-Bacon Act of 1931; |
| Miami-Dade Wage Theft Ordinance, as amended, Chapter 22, Sections 1-10 of the Code of Miami-Dade County; |
| 26 U.S.C. § 7434; |
| the Consolidated Omnibus Budget Reconciliation Act (COBRA); |
| the Equal Pay Act; |
| All local and county ordinances; and |
| any other federal, state or local statute, executive order, regulation or ordinance relating to or dealing with unpaid wages, employment, employment discrimination, retaliation, conspiracy, tortious or wrongful discharge. |

C. This release also includes, but is not limited to: (i) any and all claims for breach of contract, breach of independent contractor contract and breach of employment contract (whether oral, express or implied) between the Parties; (ii) any and all claims for wrongful discharge, unpaid wages, future wage loss, employee benefits, bonuses, stock options, attorneys' fees and costs, penalties and damages of all types, including, but not limited to, punitive and compensatory damages and emotional distress damages; and (iii) any and all actions, claims, litigation and liabilities for tort damages (whether intentional or negligent) and/or personal injury as a result FARKAS' employment or separation from DEFENDANTS, such as defamation, fraud, misrepresentation, assault, battery, negligence, negligent supervision, hiring or retention, detrimental reliance, intentional or negligent infliction of emotional distress, breach of a covenant of good faith and fair dealing, and any other offense. The foregoing list is meant to be illustrative rather than exhaustive.

D. Notwithstanding the above, the Parties acknowledge that they are not waiving any rights or claims that may arise after this Agreement is signed for any acts and/or omissions by the Parties, or any rights or claims that by law cannot be released in this Agreement.

4

E. FARKAS represents that, with respect to the claims he is waiving, he is waiving not only his right to recover money or other relief in any action that he might institute, but he is also waiving his right to recover money or other relief in any action that might be brought on his behalf by any other person or entity including, but not limited to, the State of Florida, the U.S. Department of Labor ("DOL"), or any other (U.S. or foreign) federal, state, or local agency or department.

F. FARKAS agrees not to apply for or accept employment with the DEFENDANTS in the future.

G. FARKAS agrees he has been paid and/or will be paid through settlement of the Litigation all of his past wages, compensation, bonuses, commissions, leave payments and/or any benefits due as of the date of this Agreement and that no such additional amounts are due to him whatsoever.

H. FARKAS represents and warrants that he has not filed any claims, complaints, charges, lawsuits or other proceedings against DEFENDANTS with any governmental agency, arbitrator, or any court other than as set forth in this Agreement, and that this representation is a material inducement for DEFENDANTS to enter into this Agreement.

I. FARKAS agrees that he does not have any workplace injuries or occupational diseases.

5. Confidentiality.

A. FARKAS and DEFENDANTS agree that all matters relating to this Agreement, and the negotiations preceding this Agreement, are strictly confidential. FARKAS and DEFENDANTS further agree that they and their attorneys, spouses and representatives will not publicize, disclose or give out any information concerning the terms of this Agreement, the content of the negotiations and discussions pertaining to this Agreement or the settlement of this matter, to any third person or entity whatsoever. FARKAS and DEFENDANTS expressly agree that they cannot disclose or disseminate this Agreement or any information about this Agreement to the print or broadcast media or any internet communication outlet.

B. Notwithstanding the forgoing, FARKAS and DEFENDANTS may disclose this Agreement on the following conditions: (i) FARKAS may advise his attorney(s), accountant(s), tax preparers, and the Internal Revenue Service (IRS) that he received income as a result of this Agreement and the amount received; (ii) to federal regulatory authorities or law enforcement officers if instructed by them not to discuss his conversation with them to DEFENDANTS; and (iii) if subpoenaed by a party to a lawsuit, ordered by the Court or otherwise legally compelled, FARKAS may testify or provide information regarding this

Agreement or may produce the Agreement, <u>provided that</u> he give notice within five (5) business days of receipt of any subpoena, court order or other related communication (oral or written) to Lowell J. Kuvin, Esq., 17 E. Flagler Street, Suite 223, Miami, FL 33131 and lowell@kuvinlaw.com so that DEFENDANTS can assert any objections prior to FARKAS; appearance at any interview, deposition, hearing or trial. FARKAS acknowledges that he waives any objection to DEFENDANTS' request that the document production or his testimony be done *in camera* and under seal.

C. The obligations contained in this paragraph will remain in force regardless of whether this Agreement or any portion thereof is ever filed with a court or an administrative agency.

D. FARKAS acknowledges and agrees that a violation of this Paragraph will constitute a material breach of this Agreement which will cause DEFENDANTS to suffer immediate, substantial and irreparable injury and which will be a sufficient basis for an award of injunctive relief and monetary damages (without affecting the remainder of this Agreement). If DEFENDANTS establish in a court of competent jurisdiction that FARKAS has breached or caused any breach of this Paragraph, FARKAS will be liable for damages and DEFENDANTS' reasonable attorneys' fees and costs incurred enforcing this provision. Likewise, if FARKAS establishes in a court of competent jurisdiction that DEFENDANTS have breached or caused any breach of this Paragraph, DEFENDANTS will be liable for damages and FARKAS reasonable attorneys' fees and costs incurred enforcing this provision. Further, the Parties agree that nothing in this section is intended to limit each Party's right to obtain injunctive and other relief as may be appropriate.

6. <u>Non-disparagement</u>.

FARKAS and DEFENDANTS affirm that they will not make demeaning, disparaging and/or derogatory remarks to third parties regarding one another in any medium, including social media. In addition, FARKAS agrees that he will not defame, disparage or demean DEFENDANTS' business capabilities, products, plans or management to any customer, potential customer, vendor, supplier, employee, contractor or subcontractor of DEFENDANTS so as to affect adversely the good will or business of DEFENDANTS. In signing this Agreement, the Parties acknowledge that this provision is a material term and that breach of this provision constitutes a breach of this Agreement. If DEFENDANTS establish in a court of competent jurisdiction that FARKAS has breached or caused any breach of this Paragraph, FARKAS will be liable for damages and DEFENDANTS' reasonable attorneys' fees and costs incurred enforcing this provision. Likewise, if FARKAS establishes in a court of competent jurisdiction that DEFENDANTS have breached or caused any breach of this Paragraph, DEFENDANTS will be liable for damages and FARKAS' reasonable attorneys' fees and costs incurred enforcing this provision. Further, the Parties agree that nothing in this section is intended to limit each Party's right to obtain injunctive and other relief as may be appropriate.

7. DEFENDANTS agree to provide FARKAS with a neutral reference confirming only the dates of employment and positions held, and shall not disclose the existence of this dispute or settlement. To maintain the neutrality of the reference, if a prospective employer asks if FARKAS is "eligible for rehire," DEFENDANTS shall state that it is the company's policy to disclose only the dates of employment and positions held, and to not provide any additional information.

8. DEFENDANTS represent and warrant that the person signing this Agreement has the authority to act on behalf of DEFENDANTS and to bind DEFENDANTS and all who may claim through DEFENDANTS to the terms and conditions of this Agreement. FARKAS represents and warrants that he has the capacity to act on his own behalf and on behalf of all who might claim through him to bind him to the terms and conditions of this Agreement. The Parties each warrant and represent there are no liens or claims of lien or assignments in law or equity or otherwise of or against any of the claims or causes of action released by this Agreement.

9. No party hereto has relied upon any representations or statements made by the other party hereto which are not specifically set forth in this Agreement. All parties have been fully advised by their legal counsel concerning the content and ramifications of entering into this Agreement.

10. The Parties acknowledge that this Agreement constitutes the entire agreement between the Parties with respect to the matters set forth in this Agreement.

11. This Agreement does not constitute an admission of a violation of any law, order, regulation, enactment or of wrongdoing of any kind by DEFENDANTS.

12. The provisions of this Agreement are severable, and if one or more of any provision or provisions are found to be unenforceable, invalid, or illegal, this will not affect any other provision or provisions of this Agreement, which will remain in full force and effect.

13. This Agreement may only be amended in writing signed by the Parties.

14. This Agreement may be executed in counterparts, and each counterpart shall have the same force and effect as an original and shall constitute an effective, binding agreement on the part of each of the undersigned.

15. This Agreement shall not be construed against DEFENDANTS by reason of the fact that DEFENDANTS were responsible for the drafting of this Agreement or any provision of this Agreement.

> I have read the foregoing Settlement Agreement, and I accept and agree to the provisions contained herein.

10\1\2018 _____ A Farkas _____
**DATE** **ANDREEAS FARKAS**

**CG RYC, LLC**

10/23/18

**DATE**

By: _____
Print Name: _MEYER CHETRIT_
Title: _MEMBER_

**CG MIAMI RIVER, LLC**

10/23/18

**DATE**

By: _____
Print Name: _MEYER CHETRIT_
Title: _MEMBER_

**FOOD AND LEVERAGE, LLC**

10/23/18

**DATE**

By: _____
Print Name: _Stephane Dupoux_
Title: _____

10/23/18

**DATE**

_____
**STEPHANE DUPOUX**

10/23/18

**DATE**

_____
**MEYER CHETRIT**

8